SEVLESRUO HOLDING CORPORATION ET AL., PLAIN-
TIFFS, v. FIREMEN'S INSURANCE COMPANY ET AL.,
DEFENDANTS.

Argued October 15, 1931—Decided February 11, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justice CASE.

For the plaintiff Sevlesruo Holding Corporation, *Joseph T. Lieblich.*

For the defendants Firemen's Insurance Company and Chicago Fire and Marine Insurance Company, *William A. Wachenfeld.*

For the defendant American Equitable Assurance Company, *Arthur T. Vanderbilt.*

PER CURIAM.

This suit is to recover for fire loss·on three buildings, a six-family dwelling, a milk shed, and a cowbarn, and their contents. The principal defense was that the fire was set by or by procurement of the owner, and several other defenses, somewhat technical in character, are ancillary to that claim. The jury found for the plaintiffs except on the second count for the contents of the milk shed, as to which no assessment of damages was returned, and plaintiff holding corporation has a rule to show cause why a new trial as to damages only should not be granted on this count. Defendants insurers hold a rule to show cause why the verdict in

favor of the holding company on other counts should not be set aside as against the weight of evidence, reserving their exceptions in other respects. Several mortgagees were interested as plaintiffs by virtue of mortgagee clauses made part of the policies, but most of them have been paid and the rule is not pressed as to any others. The question therefore is between the companies and the insured.

A careful examination of the case satisfies us beyond reasonable doubt that the verdict is against the weight of evidence. It is needless to go into details touching the two fires a month apart, both of which were clearly incendiary in character and in effect admitted so to have been. The evidence shows elaborate preparation and adequate motive. It is intimated for the plaintiffs that the incendiarism was that of some enemy, and mention was made in the testimony of alleged threatening letters; but not one such letter was produced and the testimony about them, if it can be called testimony, was so vague and indefinite as to be without evidential value. We conclude that defendants amply proved a case of fraudulent burning to get the insurance, and that the verdict to the contrary was clearly against the weight of evidence. There must be a new trial, therefore, on the counts on which damages were assessed; and as to the plaintiff's rule there will be a new trial at large on that also.

There are motions relating to the recasting of the *postea*, &c., but as the foregoing disposition of the meritorious question has the practical effect of nullifying the whole *postea* as the basis for any judgment, the questions arising on these other motions become academic and require no decision. They will therefore be dismissed.